**TOLEDO AREA AFL–CIO COUNCIL, a voluntary unincorporated labor association, et al., Plaintiffs,**

v.

**Anthony G. PIZZA, Prosecuting Attorney of Lucas County, et al., Defendants.**

No. 3:95 CV 7417.

United States District Court, N.D. Ohio, Western Division,

Nov. 30, 1995.

Stewart R. Jaffy, Stewart Jaffy & Associates, Columbus, OH, Theodore Sachs, Sachs, Kadushin, O'Hare, Helveston & Waldman, Detroit, MI, and Jennifer L. Brunner, Brunner & Brunner, Columbus, OH, for plaintiffs.

Ralph C. Zychowicz, Jr., Office of the Prosecuting Attorney, Toledo, OH, Elise Porter, Office Of The Attorney General, Health and Human Services Section, Columbus, OH, and Jeffrey S. Sutton and Diane R. Richards, Office Of The Attorney General, Chief Counsel's Staff, Columbus, OH, for defendants.

Janet Elizabeth Hales, Cooper, Straub, Walinski & Cramer, Toledo, OH, for amici.

## MEMORANDUM OPINION

KATZ, District Judge.

This action is before the Court on three separate motions relating to this Court's previous Memorandum Opinion (Doc. No. 60), Preliminary Injunction (Doc. No. 61) and Judgment Entry (Doc. No. 62) of August 22, 1995. In that decision this Court enjoined Defendants from enforcing the following sections of the Ohio Revised Code as amended by Amended Senate Bill 8:

(a) § 3517.082(B)(3),

(b) § 3517.082(D),

(c) § 3517.09(C),

(d) § 3599.031(H), and

(e) § 3599.031(I), as it impacts contracts in existence on the effective date of the Bill.

The Court denied Plaintiffs' request for a preliminary injunction against the following sections:

(a) § 3599.03(A) & (B),

(b) § 3517.102(D)(1), and

(c) § 3517.092(F)(1) & (2).

### PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs have moved this Court to reconsider its ruling striking certain affidavits at the Preliminary Injunction hearing on August 16, 1995. Specifically, Plaintiffs argue that they should be allowed to submit affidavits demonstrating that cutting off political check-off, under the terms of O.R.C. § 3599.031(H) & (I), would cause Plaintiffs irreparable harm. This Court has previously found O.R.C. § 3599.031(H) & (I) to be facially invalid and enjoined enforcement of these subsections. Plaintiffs' motion for reconsideration is denied as moot.

## PLAINTIFFS' MOTION FOR SUP-PLEMENTAL PRELIMINARY INJUNCTION

On October 3, 1995, Plaintiffs moved for a supplemental preliminary injunction against O.R.C. § 3517.102(D)(1) as applied, in light of certain temporary rules proposed by the Secretary of State, which rules Plaintiffs argued to be constitutionally objectionable. At oral argument on November 2, 1995, Plaintiffs indicated that they would withdraw this motion in light of new permanent rules, which address Plaintiffs' concerns, implementing this section and proposed for adoption by the Secretary of State. Upon the parties' representations that the permanent rules are curative of the constitutional objections brought by Plaintiffs against the temporary rules, Plaintiffs' motion for a supplemental preliminary injunction is denied as moot.

## DEFENDANTS' MOTION TO AMEND JUDGMENT

■ Defendants Bob Taft and the Ohio Elections Commission (collectively, the "State Defendants") have moved this Court to lift the injunction as it pertains to O.R.C. § 3517.082(B)(3). Plaintiffs have filed opposition to this motion and the State Defendants have replied thereto. For the reasons that follow, Defendants' motion will be granted.

Ohio Rev.Code § 3517.082(B)(3) provides, *inter alia,* that a labor organization may solicit contributions from its "members." In its August 22, 1995 holding, this Court found O.R.C. § 3517.082(B)(3) to be facially unconstitutional because it unduly restricted the pool of potential donors from whom labor organizations could solicit contributions. The Court stated, however, that the constitutional defect could be cured if the Secretary of State were to adopt a regulation defining "members" broadly enough to permit central labor bodies to solicit members of their affiliates. (Mem. Op. at 18–19.)

■ The Court has inherent power to modify its own injunctions. In ruling on a motion to modify or dissolve a preliminary injunction, the Court exercises the same discretion it exercised in granting the injunction in the first place. *Tri–State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.,* 805 F.2d 351, 354 (10th Cir. 1986); *Sierra Club v. United States Army Corps of Engineers,* 732 F.2d 253, 256 (2d Cir.1984), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986); *Museum Boutique Intercontinental, Ltd. v. Picasso,* 880 F.Supp. 153, 161 (S.D.N.Y.1995). It is, therefore, appropriate to modify the preliminary injunction in this case if the State has cured the constitutional defect in the statute.[1]

The State Defendants have now represented that the Secretary of State has adopted a final rule closely patterned after 11 C.F.R. § 114.1(e)(4), which rule provides that "members of a local labor union are also to be considered members of any national or international labor union of which the local labor union is affiliated and of any federation with which the local, national, or international labor union is affiliated." Ohio Admin.Code § 111–1–02(D)(2) (1995). This regulation, they argue, cures the constitutional defect found by the Court, exactly as the Court suggested the defect might be cured.

Plaintiffs do not disagree that the language of this regulation defines "member" broadly enough to cure the statute. They argue instead that no regulation can save a facially invalid statute.

The Court does not find Plaintiffs' argument convincing. The regulations promulgated by the Secretary of State have the force and effect of law. The Secretary's regulations in this case parallel the federal scheme, and define "member" broadly. If the regulations are changed at some future date in a manner that makes the statute unconstitutional as applied or facially unconstitutional, this Court will entertain a motion to enjoin the application of the law as it is at that time. At present, the definition of "member" embodied in the permanent regu-

---

**1.** The Court notes briefly that a motion to modify a preliminary injunction is not correctly brought under Fed.R.Civ.P. 59(e), the Rule under which Defendants brought this motion. That rule applies to final judgments. A preliminary injunction is modified or dissolved under the Court's inherent powers.

lation which the Court has reviewed is sufficiently broad to cure Ohio Rev.Code § 3517.082(B)(3) of its constitutional defects. Defendants' motion to remove Ohio Rev.Code § 3517.082(B)(3) from this Court's preliminary injunction in this case is, therefore, granted.

IT IS SO ORDERED.